**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS W.S. RICHEY,

               Plaintiff - Appellant,

v.

D. DAHNE,

               Defendant - Appellee.

No. 12-36045

D.C. No. 3:12-cv-05060-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted October 16, 2015
Seattle, Washington

Before: W. FLETCHER and GOULD, Circuit Judges and EZRA,[**] District Judge.

The facts of this case are fully set out in the jointly-filed opinion addressing

Dahne's motion to revoke Richey's in forma pauperis status on appeal. We review

de novo whether the district court properly granted a motion to dismiss under Rule

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

12(b)(6) of the Federal Rules of Civil Procedure, accepting all factual allegations in the complaint as true. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (citations omitted).

"[W]e have previously held that disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing *Bradley v. Hall*, 64 F.3d 1276, 1281–82 (9th Cir. 1995)).[1] The prison has a legitimate penological interest in encouraging "respect by inmates toward staff and other inmates, and rehabilitation of inmates through insistence on their use of socially acceptable ways of solving their problems." *Bradley*, 64 F.3d at 1280. But "the link between this important purpose and the disrespect rules as applied to formal written grievances is weak." *Id.* at 1281. As we have twice explained, applying the *Turner v. Safley*, 482 U.S. 78 (1987), factors for assessing the constitutionality of a prison regulation, a prison may not take or threaten adverse action against an inmate for using disrespectful language in a grievance. *Brodheim*, 584 F.3d at 1272–73; *Bradley*, 64 F.3d at 1279–81. Richey has stated a plausible claim that his rights were violated when

---

[1] As *Brodheim* noted, while we no longer "balance[] the importance of the prisoner's infringed right against the importance of the penological interest served by the [prison] rule," *Bradley*'s holding remains good law. *Id.* at 1272 (alteration omitted) (quoting *Bradley*, 64 F.3d at 1280–81).

the prison refused to process and investigate his grievance because it contained "objectionable" language describing the prison guard as "extremely obese."[2]

Dahne's contrary arguments are unavailing. Dahne claims that *Bradley* is distinguishable because inmates like Richey "have the opportunity to rewrite their grievances" without offensive language. But *Bradley* rejected the prison's argument that "the disrespect rules do not hinder a prisoner from *filing* a grievance or suit, but merely from using inappropriate language within the grievance itself." 64 F.3d at 1279 (emphasis in original). Dahne also attempts to distinguish *Bradley* by suggesting that unlike here, that case involved language "necessary to the explanation or resolution of a grievance," but not once did *Bradley* suggest that the prisoner's language was protected because it was "necessary." Moreover, *Bradley* recognized that prison rules governing an inmate's language cannot create "a hazy [line], leaving the aggrieved prisoner guessing whether he will be punished for what he has said in his formal prison complaint." 64 F.3d at 1281. A policy under which prison officials have unfettered discretion to determine what information is "necessary" to a grievance would suffer the same constitutional infirmities.

---

[2] As we are reviewing only Richey's complaint to determine whether it states a claim for relief, we do not consider whether additional statements in Richey's grievance—which were not included in the complaint—are also protected under *Bradley*.

3

In the alternative, Dahne seeks qualified immunity because his "actions and decisions were based on his application of Department policy and his attempt to have Richey comply with the grievance program's requirements so that Richey's complaint could be addressed." At the motion to dismiss stage, however, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for 'objective legal reasonableness,'" *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 819 (1982)) (emphasis in original), and Richey's complaint says nothing about whether the prison had any language policy, what that policy was, and how consistently that policy was enforced. Dahne is therefore not entitled to qualified immunity at this time.[3]

**REVERSED AND REMANDED.**

---

[3] In this posture, we do not consider whether the law in our circuit is clearly established that "disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment." *Brodheim*, 584 F.3d at 1271 (citing *Bradley*, 64 F.3d at 1281–82).