# SUPREME COURT OF THE UNITED STATES

## D. DAHNE *v.* THOMAS W. S. RICHEY

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 18–761.   Decided May 13, 2019

The petition for a writ of certiorari is denied.

JUSTICE ALITO, with whom JUSTICE THOMAS and JUSTICE KAVANAUGH join, dissenting from denial of certiorari.

Does the First Amendment require a prison to entertain a prisoner grievance that contains veiled threats to kill or injure a guard? Or may the prison insist that the prisoner rewrite the grievance to eliminate any threatening language? In this case, respondent Thomas Richey, an inmate currently serving a sentence for murder in Washington state prison, submitted a written prison grievance complaining that a guard had improperly denied him shower privileges. His grievance not only insulted the guard, referring to her as a "fat Hispanic," but contained language that may reasonably be construed as a threat. Specifically, the grievance stated:

> "It is no wonder [why] guards are assaulted and even killed by some prisoners. When guards like this fat Hispanic female guard abuse their position . . . it can make prisoners less civilized than myself to resort to violent behavior in retaliation." App. to Pet. for Cert. 109a–110a.

The prison refused to entertain the grievance, but permitted Richey to refile his complaint with the offensive language omitted. Richey refused to comply and instead submitted a second grievance that repeated much of the original language, adding, "[i]t is no wonder why guards are slapped and strangled by some prisoners." *Id.,* at

111a.  The record reflects that Richey's grievance came "just a few months after an inmate actually did murder a DOC staff member" at a Washington state prison "by strangling her to death." *Id.*, at 106a.

Petitioner Dennis Dahne, a prison employee who processes inmate grievances, refused to accept Richey's modified grievance.  Dahne later explained that his decision was based on the fact that the grievance contained "so much irrelevant, inappropriate, and borderline threatening extra language." *Ibid.*  When Dahne refused to process Richey's modified grievance, Richey filed this action in Federal District Court, claiming that Dahne violated his First Amendment free-speech and petition rights.  Although the District Court originally dismissed Richey's claim, that decision was reversed by the United States Court of Appeals for the Ninth Circuit, which held that Richey stated a valid claim for relief under the First Amendment.  See *Richey* v. *Dahne*, 624 Fed. Appx. 525, 526 (2015).  In the decision below, the Ninth Circuit doubled down on its earlier ruling, holding that prisoners have a clearly established constitutional right to use "disrespectful" language in prison grievances and that Richey was entitled to summary judgment on his First Amendment claim.  733 Fed. Appx. 881, 883–884 (2018).

We have made it clear that prisoners do not retain all of the free speech rights enjoyed by persons who are not incarcerated.  See, *e.g., Shaw* v. *Murphy*, 532 U. S. 223, 229 (2001).  Prisons are dangerous places.  To maintain order, prison authorities may insist on compliance with rules that would not be permitted in the outside world.  See *Turner* v. *Safley*, 482 U. S. 78, 89–91 (1987).  Even if a prison must accept grievances containing personal insults of guards, a proposition that is not self-evident,* does it

_____

*Indeed, several courts have upheld prison rules barring or punishing prisoners' use of insolent, disrespectful, or profane language in written

ALITO, J., dissenting

follow that prisons must tolerate veiled threats? I doubt it, but if the Court is uncertain, we should grant review in this case. Perhaps there is more here than is apparent on the submissions before us, but based on those submissions, the decision of the Ninth Circuit defies both our precedents and common sense.

––––––––––

grievances and complaints. See, *e.g.*, *Smith* v. *Mosley*, 532 F. 3d 1270, 1274, 1277 (CA11 2008); *Ustrak* v. *Fairman*, 781 F. 2d 573, 580 (CA7 1986); *In re Parmelee*, 115 Wash. App. 273, 283–285, 63 P. 3d 800, 806–807 (2003).